CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

AUG 2 9 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RODNEY LEON LEWIS,<br>　　　Plaintiff, | Civil Action No. 7:08-cv-00477 |
| v. | MEMORANDUM OPINION |
| ROANOKE COUNTY/SALEM JAIL,<br>et. al.,<br>　　　Defendants. | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Rodney Leon Lewis, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Lewis alleges that jail officials at the Roanoke County/Salem Jail ("the jail") have violated his constitutional rights by depriving him of adequate medical care. He seeks monetary damages for pain, suffering, and humiliation. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

I.

Lewis's allegations and submissions set forth the following sequence of facts on which his claims are based. Lewis has a history of heart trouble and other medical problems. On December 18, 2007, Lewis complained of chest pains and asked to be taken to a hospital. After 48 hours of following procedures to seek medical care, his pain was worse and he had numbness in his arms and legs. His blood pressure was also high. The jail's medical staff sent him back to his cell to lie down. Lewis called his wife, who called the jail, asking that Lewis be taken to the hospital. Jail officials finally took Lewis to Carilion Roanoke Memorial Hospital, where doctors placed "stents" in his

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

heart. He claims that if he had been taken to the hospital sooner in December 2007, he would not have needed the stents or the thirteen different medications that he must now take.[2]

## II.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Upon review of the complaint, the court cannot find that Lewis's allegations state any claim of constitutional proportions actionable under § 1983.

As a preliminary matter, Lewis cannot maintain his action against the jail as a defendant, since local jails are not "persons" subject to suit under 42 U.S.C. §1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). Lewis does name individual jail officials as defendants as well, and these individuals are subject to suit under § 1983. However, Lewis does not allege facts stating any § 1983 claim against anyone.

A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A constitutional violation in this context involves both an objective and a subjective component. The objective component is met if the deprivation is "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999); Sheldon v. C/O Pezley, 49 F.3d 1312, 1316 (8th Cir. 1995). The subjective component is met if a prison official is "deliberately indifferent," that is if he "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998).

---

[2]Court records indicate that Lewis filed a previous lawsuit based on these and other allegations: Civil Action No. 7:08CV00400. That case was summarily dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state any constitutional claim actionable under § 1983, and Lewis appealed. His appeal is still pending.

2

A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment except in extraordinary circumstances. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Moreover, mere malpractice does not state a federal claim, Estelle, 429 U.S. at 105-106, nor does mere negligence in diagnosis. Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

The Fourth Circuit Court of Appeals has held that to bring a medical treatment claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. Id..

The court cannot find any indication that anyone at the jail acted with indifference to Lewis's medical needs. The court will assume for purposes of this opinion that Lewis had a serious medical need for treatment of his heart condition. It is clear from his allegations and submissions, however, that jail officials provided treatment. The medical staff examined him, measured his heart rate and blood pressure, and made a medical judgment that rest was appropriate treatment. He does not allege any facts indicating that any jail medical personnel or other staff knew from his measurable symptoms that he needed more aggressive treatment at that time. When officials did diagnose his heart condition as having become emergent, they sent Lewis immediately to the hospital, where he received extensive treatment, as documented by the medical records submitted as part of his complaint. Under § 1983, this court cannot second guess the staff's medical judgments that Lewis did not require different treatment or a trip to the hospital any earlier. At the most, Lewis alleges a disagreement between himself and staff and between staff and his wife, regarding the appropriate course of treatment. Such disagreements do not present constitutional claims. Furthermore, the nonmedical officials Lewis has named rightfully relied on the medical staff's judgment that no

additional treatment was necessary during that earlier period. Because Lewis fails to demonstrate that the defendants knew of an immediate need for different medical treatment to which they failed to respond in a reasonable manner, the court will dismiss these claims without prejudice, pursuant to § 1915A(b)(1).

At the most, Lewis may allege facts stating (although not proving) some claim of medical malpractice. Such claims are not independently actionable under § 1983, and the court declines to exercise supplemental jurisdiction over any state law claims, pursuant to 28 U.S.C. § 1367(c). The court will dismiss these claims without prejudice.

Finally, Lewis was on notice from this court's opinion in Case No. 7:08CV00400 that his allegations and submissions concerning his medical treatment in December 2007 did not state any constitutional claim. Yet, he refiled the same claims against several of the same defendants. He has not alleged any additional details in an attempt to correct some deficiency noted in the court's previous opinion. He merely resubmits a medical claim included in that previous case and a stack of medical records related to that claim. From these circumstances, the court infers that Lewis is filing this second action "maliciously," in an effort to "punish" the jail officials with the costs and inconveniences associated with defending a lawsuit, even though he knows from the court's prior opinion that he has no constitutional claim that he may pursue under § 1983. Thus, the court finds that this case not only fails to state an actionable claim, but is also "malicious," which provides another ground for dismissal of the action under § 1915A(b)(1). See Johnson v. Edlow, 37 F.Supp.2d 775, 776 (E.D.Va. 1999) (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)).

For the reasons stated, the entire § 1983 complaint will be dismissed, pursuant to § 1915A(b)(1), for failure to state a claim and as malicious. All possible state law claims will be dismissed, pursuant to § 1367(c). An appropriate order shall be issued this day. Plaintiff is hereby notified that this dismissal will count against him as a "strike" under 28 U.S.C. § 1915(g). Under this provision, an inmate who has had three or more civil actions or appeals dismissed as frivolous or malicious or for failure to state a claim may not proceed with another civil action in federal court

without prepaying the filing fee or demonstrating imminent danger of physical harm related to his claims.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 29th day of August, 2008.

*/s/ James C. Turk*
Senior United States District Judge